835 S.W.2d 227 (1992)
W.D.A., Appellant,
v.
The STATE of Texas, Appellee.
No. 10-91-126-CV.
Court of Appeals of Texas, Waco.
July 22, 1992.
*228 Phil Robertson, Robertson & Robertson, Clifton, for appellant.
B.J. Shepherd, County Atty., Meridian, for appellee.
Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION
VANCE, Justice.
A jury found that W.D.A., a juvenile, had engaged in delinquent conduct. See Tex. Fam.Code Ann. § 51.03(a) (Vernon Supp. 1992). The court entered a disposition order committing him to the Texas Youth Commission (TYC). See id. § 54.04 (Vernon 1986 & Supp. 1992). W.D.A. appeals on three points alleging that the court erred in overruling his challenges for cause, in overruling his objection to the court's charge on mental disease, and in failing to include mandatory determinations in its disposition order. We will reverse and remand for a new trial.
In his first point, W.D.A. argues that the court erred in overruling his challenges for cause to certain venire persons. During voir dire, the State explained the charges against the child and its burden of proof. W.D.A.'s attorney asked the panel, "How many of you feel like [W.D.A.] wouldn't be here today if he hadn't done something wrong?" Jurors Lane, Wilcox, Harrelson, Wimberly, Rhodes, and Penny indicated that they would require W.D.A. to show that he had not done anything wrong. W.D.A.'s attorney challenged these jurors for cause because "unequivocally they put the burden of proof on [W.D.A.] to disprove that he did something." The court overruled the challenges. The State then questioned each juror separately. After W.D.A. again challenged each for cause, the court excused Juror Penny and overruled the other challenges.
W.D.A. asserts that the court erred in overruling the challenges for cause because the prospective jurors required him to prove his innocence. The disqualification of a member of a jury panel is governed by section 62.105 of the Government Code, which provides in part: "A person is disqualified to serve as a petit juror in a particular case if he ... has a prejudice in favor of or against a party in the case." Tex.Gov't Code Ann. § 62.105(4) (Vernon Supp.1992). The Texas Supreme Court has stated:
Bias, in its usual meaning, is an inclination toward one side of an issue rather than to the other, but to disqualify, it must appear that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality. Prejudice is more easily defined for *229 it means prejudgment, and consequently embraces bias; the converse is not true.
Compton v. Henrie, 364 S.W.2d 179, 182 (Tex.1963). Disqualification under section 62.105 (formerly article 2134, § 4, Revised Civil Statutes) is not discretionary, but rather is a matter of law. Id. Once prejudice is established, the panel member is automatically disqualified from serving on the jury as a matter of law. Id.; see also Gum v. Sckaefer, 683 S.W.2d 803, 807 (Tex.App.Corpus Christi 1984, no writ). Once a prospective juror admits bias or prejudice, he cannot be "rehabilitated," and affirmations that bias and prejudice can be set aside and the case decided on the law and evidence must be entirely disregarded. Gum, 683 S.W.2d at 808; Carpenter v. Wyatt Const. Co., 501 S.W.2d 748, 750 (Tex.Civ.AppHouston [14th Dist] 1973, writ ref'd n.r.e.).
W.D.A.'s counsel questioned several of the prospective jurors prior to initially challenging them for cause. At one point in the questioning, the following transpired:
MR. ROBERTSON: ... And you feel like that [W.D.A.] would actually have to show you something to prove to you that he didn't do something? JUROR HARRELSON: Uh-huh.
MR. ROBERTSON: Okay. Who else?
Mr. Wimberly.
JUROR WIMBERLY: I feel the same way.
MR. ROBERTSON: And [W.D.A.] would have the burden to show you something to prove to you that he didn't do something?
JUROR WIMBERLY: Right.
W.D.A.'s challenge of Wimberly for cause was overruled.
In an attempt to rehabilitate Wimberly, the State questioned him individually on the burden of proof. He stated that he would presume the child innocent until proven guilty. Defense counsel then questioned him:
MR. ROBERTSON: Don, I had asked you earlier if you felt that [W.D.A.] wouldn't be here today if he hadn't done something wrong, and you said yes. Is that still true?
JUROR WIMBERLY: I feel like that's what our officers are for. I feel like if they didn't do something, they wouldn't be in this courtroom.
MR. ROBERTSON: All right. And so the mere fact that he's here indicates to you that he must have done something wrong or the police officers wouldn't have dragged him up here?
JUROR WIMBERLY: That's really what I think.
MR. ROBERTSON: Okay. And I also asked you that because of that if you felt that I needed to present something to you to show you that [W.D.A.] didn't do anything wrong, and you said, yeah.
JUROR WIMBERLY: If you can prove that he didn'tI mean, I'd have to listen to some witnesses or people that saw this.
MR. ROBERTSON: But you'd want someyou would want me to put on some witnesses and show you he didn't do something?
JUROR WIMBERLY: That's right.
W.D.A.'s second challenge for cause was overruled.
By requiring W.D.A. to prove his innocence, Wimberly improperly shifted the burden of proof from the State. We believe that he showed a bias or prejudice disqualifying him as a matter of law under section 62.105(4) of the Government Code. See Tex.Gov't Code Ann. § 62.105(4); State v. Burke, 434 S.W.2d 240, 242-43 (Tex.Civ. App.Waco 1968, no writ). We sustain point one. Having sustained W.D.A.'s point as to Juror Wimberly, we do not reach his challenges to the other panel members.
In his second point, W.D.A. asserts that the court erred in overruling his objection to the court's charge on mental disease or defect. Section 55.05(a) of the Family Code provides:
A child is not responsible for delinquent conduct or conduct indicating a need for supervision if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity either *230 to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.
Tex.Fam.Code Ann. § 55.05(a) (Vernon 1986). The court so instructed the jury. The court further instructed the jury: "The term `mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct." W.D.A. objected to the latter as a comment on the weight of the evidence, as a misstatement of the law, and as not being a part of the Family Code definition. The court overruled the objections.
W.D.A. argues that the Family Code specifically defines the term "mental disease or defect" in juvenile cases. See id. The court's additional instruction is taken verbatim from the Penal Code provision on the affirmative defense of insanity. See Tex.Penal Code Ann. § 8.01(b) (Vernon 1974). Section 55.05 of the Family Code "Mental Disease or Defect Excluding Responsibility"cites Penal Code section 8.01 as a cross reference, yet only the first subsection of section 8.01 appears in the Family Code. Id.; Tex.Fam.Code Ann. § 55.05. If the Legislature had meant to coordinate the Penal Code definition with the Family Code definition, it could have done so. Because the Legislature only incorporated a portion of the Penal Code definition, we believe only that portion should be applied to a juvenile proceeding and that the court erred in including the additional language. We sustain point two. Having sustained point one, however, we do not reach the question of whether W.D.A. was harmed by the erroneous instruction.
In his third point, W.D.A. asserts that the court's disposition order lacks determinations that are required by the Family Code. Section 54.04(i) of the Family Code states that when the court places a child on probation outside the home, or commits a child to TYC, it shall include in its order its determination that (1) it is in the child's best interest to be placed outside the home, and (2) reasonable efforts were made to prevent the need for the child's removal. Tex.Fam.Code Ann. § 54.04(i) (Vernon Supp.1992). The Austin Court of Appeals has held this provision to be mandatory. In the Matter of J.T.H., 779 S.W.2d 954, 960 (Tex.App.Austin 1989, no writ). Because the court did not make the necessary findings, we sustain point three. By sustaining point three, we could remand for further findings. See id. However, we have sustained point one and will remand the cause for a new trial. Should the new trial result in probation outside of the home or commitment to the TYC, the mandatory determinations of section 54.04(i) should be included in the disposition order. See id.; Tex.Fam.Code Ann. § 54.04(i).
We reverse the judgment and remand the cause for a new trial.