**In the Matter of T.A.W.**

**No. 14–05–00554–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 9, 2007.

William B. Connolly, Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

**SUBSTITUTE MAJORITY OPINION**

RICHARD H. EDELMAN, Justice.

Appellant's motion for rehearing is overruled, our opinion issued in this case on February 13, 2007 is withdrawn, and the following opinion is issued in its place.

T.A.W.[1] appeals his conviction for delinquent conduct[2] on the grounds that: (1) the trial court lost jurisdiction over the case when appellant turned eighteen; and (2) the jury's finding in favor of probation supercedes its conflicting finding of commitment to the Texas Youth Commission ("TYC"). We affirm.

## Background

T.A.W. was born on August 22, 1986. On April 15, 2001, the date of the alleged offense, T.A.W. was fourteen years old. The State filed its petition alleging delinquent conduct on May 21, 2004, when T.A.W. was seventeen. T.A.W.'s delinquency trial began in March 2005, when he was eighteen years old.

## Jurisdiction of Trial Court

T.A.W.'s first issue argues that the trial court lost jurisdiction after his eighteenth birthday because there is no finding or evidence of prosecutorial due diligence prior to trial or during the adjudication and disposition proceedings.

As is relevant here, a juvenile court has exclusive, original jurisdiction over all proceedings involving a person who has engaged in delinquent conduct as a result of acts committed before age seventeen. *See* Tex. Fam.Code Ann. §§ 51.02 (Vernon Supp.2006), 51.04 (Vernon 2002). Although a juvenile court does not lose jurisdiction when a juvenile turns eighteen, such jurisdiction is generally limited to either transferring the case under section 54.02(j) or dismissing the case. *In re N.J.A.,* 997 S.W.2d 554, 556 (Tex.1999). However, a child who objects to the jurisdiction of the court over the child because of the child's age must raise the objection at the adjudication hearing. Tex. Fam. Code Ann. § 51.042(a) (Vernon 2002). A child who does not so object waives any right to object on that ground at a later hearing or on appeal. *Id.* § 51.042(b). In this case, because T.A.W. made no objection to the jurisdiction of the trial court over him, his first issue presents nothing for our review.[3] Accordingly, it is overruled.

1. In an opinion from the appeal of a juvenile court proceeding, the child is identified by his initials rather than by name. Tex. Fam.Code Ann. § 56.01(j) (Vernon 2002).

2. A jury found that appellant committed aggravated sexual assault and sentenced him to commitment at the Texas Youth Commission with a transfer to the Texas Department of Criminal Justice ("TDCJ") for a term of fourteen years.

3. In addition, a juvenile court's jurisdiction is retained if: (1) the petition or motion was filed while the respondent was under eighteen; (2) the proceeding is not complete before the respondent turns eighteen; and (3) the court enters a finding that the prosecutor exercised due diligence in an attempt to complete the proceeding before the respondent turns eighteen. Tex. Fam.Code Ann. § 51.0412 (Vernon 2002). The existence of the first two of these conditions is undisputed. As to the third, T.A.W.'s brief acknowledges that the trial court made a finding of due diligence at the hearing on the motion for new trial. He does not contend or cite authority that this finding was required to be made in any other manner or by any earlier time in the proceeding. T.A.W. also asserts that there is no evidence to support this finding. However, the record reflects that, prior to trial, the State detailed several trial settings at which it had appeared and announced "ready" prior to T.A.W. turning eighteen, and stated that it had exercised due diligence in trying to bring T.A.W. to trial before his eighteenth birthday. For the first of these trial dates, which appears to be prior to T.A.W.'s eighteenth birthday, T.A.W. requested the reset. The numerous other resets, which occurred after T.A.W. turned eighteen, were requested by either T.A.W. or the court. Therefore, his brief does not demonstrate that the trial court did not retain jurisdiction over him under section 51.0412.

### Jury Findings

T.A.W.'s second issue contends that the jury's finding in answer to question 2 constitutes a finding in favor of probation:

> Question No. 2: Do you find by a preponderance of the evidence that the Juvenile Respondent, [T.A.W.], in the Juvenile Respondent's home, cannot be provided the quality of care and level of support and supervision that the Juvenile Respondent needs to meet the conditions of probation?
>
> Answer: We do not.

T.A.W. argues that this finding thereby supercedes, as a matter of law, the jury's finding of commitment to TYC for fourteen years because it was a finding that T.A.W.'s home was an appropriate place to meet the conditions of probation.

However, the court's charge on disposition authorized the jury to either sentence T.A.W. to commitment in the TYC or to place him on probation. An affirmative response to question 2 would have been required in order for the jury to place T.A.W. on probation outside his home,[4] but was not a decision *whether* to place him on probation.

In support of his position, appellant relies on section 54.04(i)(1)(C), requiring a trial court to include in its order of determination an affirmative finding on the issue set forth in question 2 in order to place a child on probation outside the home or to commit the child to the TYC. *See* Tex. Fam.Code Ann. § 54.04(i)(1)(C) (Vernon Supp.2006). Although the court included an affirmative finding on this issue in its commitment order (contrary to the jury's negative finding in response to question 2), this finding, regardless of by whom it is made, bears only on the choice between probation inside the home versus probation outside the home, and not on the choice between probation and TYC commitment. In other words, it does not logically follow from the fact that a defendant's home would be a suitable place for conducting probation that probation must be selected. If, as in this case, probation is found to be wholly inappropriate, even outside the home, the fact that it could have been provided in appellant's home, if it had been appropriate, is immaterial.

Because T.A.W.'s second issue does not, therefore, demonstrate that the jury's answer to question 2 precludes the sentence of commitment to the TYC, it is overruled, and the judgment of the trial court is affirmed.

FROST, J., concurring.

KEM THOMPSON FROST, Justice, concurring.

The court correctly affirms the trial court's judgment but incorrectly indicates that the trial court's finding under section 54.04(i)(1)(C) of the Texas Family Code bears only on the decision between probation inside the home and probation outside the home. This finding also bears on the Texas Legislature's efforts to comply with federal legislation appropriating funds to be paid by the federal government to the states for certain children who are placed outside their homes. Appellant raises the issue of the meaning and purpose of section 54.04(i) of the Texas Family Code. I write separately to address this issue.

### Factual and Procedural Background

A brief review of the factual and procedural background relating to T.A.W.'s[1]

4. *See* Tex. Fam.Code Ann. § 54.04(c) (Vernon Supp.2006).

1. In an opinion from the appeal of a juvenile court proceeding, the child is identified by his

second issue is in order.[2] At the adjudication hearing, the jury found beyond a reasonable doubt that T.A.W. engaged in delinquent conduct by committing the offense of aggravated sexual assault of a child under the age of fourteen as alleged in the petition. Because T.A.W. was in jeopardy of a determinate sentence under section 54.04(d)(3) of the Texas Family Code, T.A.W. had a right to a jury at the disposition hearing, which he exercised. *See* Tex. Fam.Code Ann. § 54.04(a) (Vernon Supp. 2006).

The jury at the disposition hearing found "that [T.A.W.] is in need of rehabilitation or that the protection of the public or [T.A.W.] requires that a disposition be made in this case." This finding is required for the trial court to issue a disposition order. *See id.* § 54.04(c). The jury sentenced T.A.W. to commitment to the Texas Youth Commission with a transfer to the institutional division of the Texas Department of Criminal Justice for a term of fourteen years. The jury answered in the negative when asked if it found that "[T.A.W.], in [T.A.W.'s] home, cannot be provided the quality of care and level of support and supervision that [T.A.W.] needs to meet the conditions of probation." In his second issue, T.A.W. asserts that, under section 54.04(i), an affirmative jury finding in this regard was required for the trial court to sentence him to the Texas Youth Commission and that the absence of such a finding precluded the trial court from doing so.

## Analysis

Section 54.04 is confusing and contains language that is difficult to interpret.[3] In pertinent part, it states as follows:

(c) No disposition may be made under this section unless the child is in need of rehabilitation or the protection of the public or the child requires that disposition be made. If the court or jury does not so find, the court shall dismiss the child and enter a final judgment without any disposition. No disposition placing the child on probation outside the child's home may be made under this section unless the court or jury finds that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation.

(d) If the court or jury makes the finding specified in Subsection (c) allowing the court to make a disposition in the case:

. . .

(3) if the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045(a) and if the petition was approved by the grand jury under Section 53.045, the court or jury may sentence the child to commitment in the Texas Youth Commission with a possible transfer to the institutional division or the pardons and paroles division of the Texas Department of Criminal Justice for a term of:

(A) not more than 40 years if the conduct constitutes:

(i) a capital felony;

(ii) a felony of the first degree; or

(iii) an aggravated controlled substance felony . . .

initials rather than by name. Tex. Fam.Code Ann. § 56.01(j) (Vernon 2002).

2. This court correctly analyzes and overrules T.A.W.'s first issue.

3. All references in this opinion are to the Texas Family Code unless otherwise stated.

. . .

(f) The court shall state specifically in the order its reasons for the disposition and shall furnish a copy of the order to the child. If the child is placed on probation, the terms of probation shall be written in the order.

. . .

(i) If the court places the child on probation outside the child's home or commits the child to the Texas Youth Commission, the court:

(1) shall include in its order its determination that:

(A) it is in the child's best interests to be placed outside the child's home;

(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation; and

(2) may approve an administrative body to conduct permanency hearings pursuant to 42 U.S.C. Section 675 if required during the placement or commitment of the child.

TEX. FAM.CODE ANN. § 54.04. An important issue in this case is how section 54.04(i) should be construed. In analyzing this issue, it is appropriate to examine the history of the statute, which the Texas Legislature enacted in 1973. *See* Act of May 25, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Gen. Laws 1460, 1478–79 (current version codified at TEX. FAM.CODE ANN. § 54.04). From the beginning, section 54.04(c) required that a finding be made before any disposition would be possible, and, if disposition were possible, section 54.04(d) outlined the different options for disposition and the findings required for each. *See id.* Likewise, under the original statute, a juvenile court was required to specifically state in its disposition order the reasons for the disposition. *See id.* However, as originally enacted, section 54.04 did not contain any language resembling current section 54.04(i). *See id.*

After the enactment of section 54.04, the United States Congress enacted legislation providing for the appropriation of money to be paid by the federal government to the states for certain children who are placed outside their homes, in foster homes or elsewhere. *See* 42 U.S.C. § 670, *et seq.* (2004); *see also Robert O. Dawson,* TEXAS JUVENILE LAW 179 (2000 5th ed.). However, for a state to be eligible to receive these payments, it must have a plan, approved by the Secretary of Health and Human Services, that, among other things, provides that reasonable efforts shall be made to prevent or eliminate the need for removing children from their homes and to make it possible for children to safely return to their homes. *See* 42 U.S.C. § 671(a)(15) (2004). In response to this federal legislation, the Texas Legislature added subsection (i) to section 54.04, requiring that, before a juvenile court places a child on probation outside the child's home or commits the child to the Texas Youth Commission, the court must determine that (1) it is in the child's best interests to be placed outside the child's home and (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 1052, § 6.11, 1987 Gen. Laws 3546, 3578 (current version codified at TEX. FAM.CODE ANN. § 54.04(i)); *In re K.T.*, 107 S.W.3d 65, 68 (Tex.App.-San Antonio 2003, no pet.) (en banc) (stating that the requirement of the determinations under section 54.04(i) derives from federal

law, which makes federal monies available to the states for certain children placed outside their homes, but only upon judicial findings that removal from the home is necessary); *see also Robert O. Dawson,* Texas Juvenile Law 179 (noting that "[t]he requirement that these findings [section 54.04(i) determinations] be made derives from federal law").

In 1993, the Texas Legislature amended subsections (c) and (d) of section 54.04 to add a requirement that a child cannot be placed on probation outside his home unless the court or jury finds that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 1048, § 1, 1993 Gen. Laws 4473, 4473–74 (current version codified at Tex. Fam.Code Ann. § 54.04(c), (d)). At the same time, the Texas Legislature also added to the determinations required by section 54.04(i) a finding that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation, though it is not clear how this finding is relevant to a decision to commit a child to the Texas Youth Commission. *See id.* Further confirming the connection between the section 54.04(i) determinations and the federal appropriation statute, in 2001, the Texas Legislature added an express reference to the federal statute. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 23, 2001 Gen. Laws 3142, 3151–52 (stating that the juvenile court "may approve an administrative body to conduct permanency hearings pursuant to 42 U.S.C. [s]ection 675 if required during the placement or commitment of the child") (current version codified at Tex. Fam.Code Ann. § 54.04(i)).

Although the wording of section 54.04 is inconsistent and presents challenges to interpretation, the structure and language of the statute indicate that subsections (c) and (d) prescribe findings that must be made under certain circumstances by the juvenile court in a nonjury disposition hearing or by the jury in a jury disposition hearing. *See* Tex. Fam.Code Ann. § 54.04. When the Texas Legislature added subsection (i) to the statute, it already was clear that, while a jury might find certain facts, only the juvenile court could sign a disposition order. *See* Tex. Fam.Code Ann. § 54.04(f). Furthermore, subsection (f) already required the juvenile court to specify the reasons for the disposition, regardless of whether there was a jury at the disposition hearing. *See* Tex. Fam.Code Ann. § 54.04(f) (stating that "the court shall state specifically in the order its reasons for the disposition and shall furnish a copy of the order to the child"); *In re K.T.,* 107 S.W.3d at 68 (stating that regardless of the disposition selected, under section 54.04(f), the juvenile court must state specifically in the disposition order the reasons for the disposition). Thus, there was no need to add a statute requiring a juvenile court to state its findings in a case with a nonjury disposition hearing. In addition, if section 54.04 applied only to cases involving nonjury disposition hearings, then the statute might not satisfy the federal requirements, which apply to both jury and nonjury disposition hearings, thus jeopardizing Texas's ability to obtain these payments from the federal government. *See* 42 U.S.C. § 670, *et seq.*

For these reasons, it is not surprising that the Supreme Court of Texas and various intermediate courts of appeals have held that section 54.04(i) requires the juvenile court to make the requisite determinations in its disposition order regardless of whether there was a jury at the disposition hearing. *See In re J.P.,* 136 S.W.3d 629,

630–31 (Tex.2004) (holding under the "plain language of the Family Code" that "if an initial disposition order places a child in [the Texas Youth Commission] or on probation outside the home, it must expressly state that (1) removal from the home is in the child's best interests, (2) reasonable efforts were made to avoid removal, and (3) care and supervision the child needs to meet the conditions of probation cannot be provided at home"); *In re E.C.D.*, No. 04–05–00391–CV, 2007 WL 516137, at *11 & n. 14 (Tex.App.-San Antonio Feb.21, 2007, no pet.) (holding in memorandum opinion that, under section 54.04(i), trial court was required to make the three determinations even though jury had sentenced child to Texas Youth Commission at disposition hearing); *In re J.G.*, 195 S.W.3d 161, 187 & n. 5 (Tex.App.-San Antonio 2006, no pet. h.) (holding that, even though jury sentenced juvenile to determinate sentence in Texas Youth Commission, only trial court could make the three determinations required to be in the disposition order under section 54.04(i)); *In re A.W.*, 147 S.W.3d 632, 636 & n. 1 (Tex.App.-San Antonio 2004, no pet.) (same); *In re W.D.A.*, 835 S.W.2d 227, 230 (Tex.App.-Waco 1992, no writ) (reversing and remanding for a new jury trial for juvenile's disposition hearing and stating that, if jury found juvenile should be placed on probation outside the home or committed to the Texas Youth Commission, then the trial court would have to include the three mandatory determinations listed in section 54.04(i) in its disposition order); *In re J.T.H.*, 779 S.W.2d 954, 959–60 (Tex.App.-Austin 1989, no writ) (holding that trial court reversibly erred by not including all three section 54.04(i) determinations in its disposition order in case in which jury sentenced juvenile to determinate sentence at Texas Youth Commission at disposition hearing); *see also Robert O. Dawson,* Texas Juvenile Law 179 (stating that "in a determinate sentence case in which the juvenile has elected jury disposition ... the jury is not permitted to make any of the related findings required by Section 54.04(i) ... the court must make the findings required by 54.04(i)[sic] to authorize placement outside the home or commitment to the [Texas Youth Commission]").

Therefore, the trial court correctly submitted to the jury the question required by section 54.04(c) for all dispositions and the question required by section 54.04(c) for probation outside the home. The trial court also properly allowed the jury to determine the disposition based on section 54.04(d). After the jury found that T.A.W. was in need of rehabilitation or the protection of the public or the child requires that disposition be made, and after it sentenced him to a determinate sentence of fourteen years, the trial court appropriately made the determinations required by section 54.04(i) and listed these determinations in its disposition order. *See In re J.P.*, 136 S.W.3d at 630–31; *In re E.C.D.*, 2007 WL 516137, at *11 & n. 14; *In re J.G.*, 195 S.W.3d at 187 & n. 5; *In re A.W.*, 147 S.W.3d at 636 & n. 1; *In re W.D.A.*, 835 S.W.2d at 230; *In re J.T.H.*, 779 S.W.3d at 959–60.

In his second issue, T.A.W. incorrectly asserts that, under section 54.04(i), the juvenile court could not sign a disposition order committing him to the Texas Youth Commission unless the jury found that the quality of care and level of support and supervision that T.A.W. needs to meet the conditions of probation cannot be provided in his home. The Texas Legislature imposed no such requirement under section 54.04(i). Therefore, this court correctly overrules T.A.W.'s second issue. However, in overruling this issue, the court incorrectly indicates that the trial court's finding under section 54.04(i)(1)(C) of the

Texas Family Code bears only on the decision between probation inside the home and probation outside the home. *See In re J.P.,* 136 S.W.3d at 630–31; *In re E.C.D.,* 2007 WL 516137, at *11 & n. 14; *In re J.G.,* 195 S.W.3d at 187 & n.5; *In re A.W.,* 147 S.W.3d at 636 & n. 1; *In re W.D.A.,* 835 S.W.2d at 230; *In re J.T.H.,* 779 S.W.3d at 959–60. For this reason, I do not join the court's analysis of T.A.W.'s second issue, but I respectfully concur in the court's judgment.

