Motion for Rehearing Overruled; Opinion of February 13, 2007, Withdrawn








Motion for Rehearing Overruled; Opinion of February
13, 2007, Withdrawn.  Affirmed and Substitute Majority Opinion and Concurring
Opinion filed August 9, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00554-CV

_______________

 

IN THE MATTER OF T.A.W.

                                                                                                                                               


On Appeal from 314th District Court

Harris County, Texas

Trial Court Cause No. 04-00310J

                                                                                                                                               


 

C O N C U R R I N G   O P I N I O N

 

The court correctly affirms the trial
court=s judgment but incorrectly indicates
that the trial court=s finding under section 54.04(i)(1)(C) of the Texas Family
Code bears only on the decision between probation inside the home and probation
outside the home.  This finding also bears on the Texas Legislature=s efforts to comply with federal
legislation appropriating funds to be paid by the federal government to the
states for certain children who are placed outside their homes.  Appellant
raises the issue of the meaning and purpose of section 54.04(i) of the Texas
Family Code.  I write separately to address this issue.








                                 Factual and Procedural Background

A brief review of the factual and
procedural background relating to T.A.W.=s[1]
second issue is in order.[2]  At the
adjudication hearing, the jury found beyond a reasonable doubt that T.A.W.
engaged in delinquent conduct by committing the offense of aggravated sexual
assault of a child under the age of fourteen as alleged in the petition. 
Because T.A.W. was in jeopardy of a determinate sentence under section
54.04(d)(3) of the Texas Family Code, T.A.W. had a right to a jury at the
disposition hearing, which he exercised.  See Tex. Fam. Code Ann. ' 54.04(a) (Vernon Supp. 2006).  

The jury at the disposition hearing
found Athat [T.A.W.] is in need of
rehabilitation or that the protection of the public or [T.A.W.] requires that a
disposition be made in this case.@  This finding is required for the
trial court to issue a disposition order.  See id. ' 54.04(c).  The jury sentenced T.A.W.
to commitment to the Texas Youth Commission with a transfer to the
institutional division of the Texas Department of Criminal Justice for a term
of fourteen years.  The jury answered in the negative when asked if it found
that A[T.A.W.], in [T.A.W.=s] home, cannot be provided the
quality of care and level of support and supervision that [T.A.W.] needs to
meet the conditions of probation.@  In his second issue, T.A.W. asserts
that, under section 54.04(i), an affirmative jury finding in this regard was
required for the trial court to sentence him to the Texas Youth Commission and
that the absence of such a finding precluded the trial court from doing so.








                                                                    Analysis

Section
54.04 is confusing and contains language that is difficult to interpret.[3] 
In pertinent part, it states as follows:

(c)       No disposition may be made under this
section unless the child is in need of rehabilitation or the protection of the
public or the child requires that disposition be made.  If the court or jury
does not so find, the court shall dismiss the child and enter a final judgment
without any disposition.  No disposition placing the child on probation outside
the child=s home may be made under this section unless the court
or jury finds that the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child needs to
meet the conditions of the probation.

 

(d)       If the court or jury makes the finding
specified in Subsection (c) allowing the court to make a disposition in the
case:

. . .

(3) if the court or jury found at the conclusion of
the adjudication hearing that the child engaged in delinquent conduct that
included a violation of a penal law listed in Section 53.045(a) and if the
petition was approved by the grand jury under Section 53.045, the court or jury
may sentence the child to commitment in the Texas Youth Commission with a
possible transfer to the institutional division or the pardons and paroles
division of the Texas Department of Criminal Justice for a term of:

(A) not more than 40 years if the conduct constitutes:

(i) a capital felony;

(ii) a felony of the first degree;  or

(iii) an aggravated controlled substance felony . . .

. . .

 

(f)        The court shall state specifically in the
order its reasons for the disposition and shall furnish a copy of the order to
the child.  If the child is placed on probation, the terms of probation shall
be written in the order.

. . .

(i)        If the court places the child on probation
outside the child=s home or commits the child to the Texas Youth
Commission, the court:

(1) shall include in its order its determination that:








(A) it is in the child's best interests to be placed
outside the child=s home;

(B) reasonable efforts were made to prevent or
eliminate the need for the child=s
removal from the home and to make it possible for the child to return to the
child=s home; and

(C) the child, in the child=s home, cannot be provided the quality of care and
level of support and supervision that the child needs to meet the conditions of
probation;  and

(2) may
approve an administrative body to conduct permanency hearings pursuant to 42
U.S.C. Section 675 if required during the placement or commitment of the child.

Tex. Fam.
Code Ann. ' 54.04.  An important issue in this
case is how section 54.04(i) should be construed.  In analyzing this issue, it
is appropriate to examine the history of the statute, which the Texas
Legislature enacted in 1973.  See Act of May 25, 1973, 63rd Leg., R.S.,
ch. 544, ' 1, 1973 Gen. Laws 1460, 1478B79 (current version codified at Tex. Fam. Code Ann. ' 54.04).  From the beginning, section
54.04(c) required that a finding be made before any disposition would be
possible, and, if disposition were possible, section 54.04(d) outlined the
different options for disposition and the findings required for each.  See
id.  Likewise, under the original statute, a juvenile court was required to
specifically state in its disposition order the reasons for the disposition.  See
id.  However, as originally enacted, section 54.04 did not contain any
language resembling current section 54.04(i).  See id.  








After the enactment of section 54.04,
the United States Congress enacted legislation providing for the appropriation
of money to be paid by the federal government  to the states for certain
children who are placed outside their homes, in foster homes or elsewhere.  See
42 U.S.C. ' 670, et seq. (2004); see also Robert O. Dawson, Texas Juvenile Law 179 (2000 5th ed.). 
However, for a state to be eligible to receive these payments, it must have a
plan, approved by the Secretary of Health and Human Services, that, among other
things, provides that reasonable efforts shall be made to prevent or eliminate
the need for removing children from their homes and to make it possible for
children to safely return to their homes.  See 42 U.S.C. ' 671(a)(15) (2004).  In response to
this federal legislation, the Texas Legislature added subsection (i) to section
54.04, requiring that, before a juvenile court places a child on probation
outside the child=s home or commits the child to the Texas Youth Commission,
the court must determine that (1) it is in the child=s best interests to be placed outside
the child=s home and (2) reasonable efforts were made to prevent or eliminate the
need for the child=s removal from the home and to make it possible for the child
to return to the child=s home.  See Act of June 1, 1987, 70th Leg., R.S., ch.
1052, ' 6.11, 1987 Gen. Laws 3546, 3578
(current version codified at Tex. Fam.
Code Ann. ' 54.04(i)); In re K.T., 107 S.W.3d 65, 68 (Tex. App.CSan Antonio 2003, no pet.) (en banc)
(stating that the requirement of the determinations under section 54.04(i)
derives from federal law, which makes federal monies available to the states
for certain children placed outside their homes, but only upon judicial
findings that removal from the home is necessary); see also Robert O. Dawson,
Texas Juvenile Law 179 (noting
that A[t]he requirement that these findings
[section 54.04(i) determinations] be made derives from federal law@).  








In 1993, the Texas Legislature
amended subsections (c) and (d) of section 54.04 to add a requirement that a
child cannot be placed on probation outside his home unless the court or jury
finds that the child, in the child=s home, cannot be provided the
quality of care and level of support and supervision that the child needs to
meet the conditions of the probation.  See Act of May 30, 1993, 73rd
Leg., R.S., ch. 1048, ' 1, 1993 Gen. Laws 4473, 4473B74 (current version codified at Tex. Fam. Code Ann. ' 54.04(c), (d)).  At the same time,
the Texas Legislature also added to the determinations required by section 54.04(i)
a finding that the child, in the child=s home, cannot be provided the
quality of care and level of support and supervision that the child needs to
meet the conditions of the probation, though it is not clear how this finding
is relevant to a decision to commit a child to the Texas Youth Commission.  See
id.  Further confirming the connection between the section 54.04(i)
determinations and the federal appropriation statute, in 2001, the Texas
Legislature added an express reference to the federal statute.  See Act
of May 24, 2001, 77th Leg., R.S., ch. 1297, ' 23, 2001 Gen. Laws 3142, 3151B52 (stating that the juvenile court Amay approve an administrative body to
conduct permanency hearings pursuant to 42 U.S.C. [s]ection 675 if required
during the placement or commitment of the child@) (current version codified at Tex. Fam. Code Ann. ' 54.04(i)). 

Although the wording of section 54.04
is inconsistent and presents challenges to interpretation, the structure and
language of the statute indicate that subsections (c) and (d) prescribe
findings that must be made under certain circumstances by the juvenile court in
a nonjury disposition hearing or by the jury in a jury disposition hearing.  See
Tex. Fam. Code Ann. ' 54.04. When the Texas Legislature added
subsection (i) to the statute, it already was clear that, while a jury might
find certain facts, only the juvenile court could sign a disposition order.  See
Tex. Fam. Code Ann. ' 54.04(f).  Furthermore, subsection
(f) already required the juvenile court to specify the reasons for the
disposition, regardless of whether there was a jury at the disposition
hearing.  See Tex. Fam. Code Ann.
' 54.04(f) (stating that Athe court shall state specifically in
the order its reasons for the disposition and shall furnish a copy of the order
to the child@); In re K.T., 107 S.W.3d at 68 (stating that regardless of the
disposition selected, under section 54.04(f), the juvenile court must state
specifically in the disposition order the reasons for the disposition).  Thus,
there was no need to add a statute requiring a juvenile court to state its
findings in a case with a nonjury disposition hearing.  In addition, if section
54.04 applied only to cases involving nonjury disposition hearings, then the
statute might not satisfy the federal requirements, which apply to both jury
and nonjury disposition hearings, thus jeopardizing Texas=s ability to obtain these payments
from the federal government.  See 42 U.S.C. ' 670, et seq.  








For these reasons, it is not
surprising that the Supreme Court of Texas and various intermediate courts of
appeals have held that section 54.04(i) requires the juvenile court to make the
requisite determinations in its disposition order regardless of whether there
was a jury at the disposition hearing.  See In re J.P., 136 S.W.3d 629,
630B31 (Tex. 2004) (holding under the Aplain language of the Family Code@ that Aif an initial disposition order
places a child in [the Texas Youth Commission] or on probation outside the
home, it must expressly state that (1) removal from the home is in the child=s best interests, (2) reasonable
efforts were made to avoid removal, and (3) care and supervision the child
needs to meet the conditions of probation cannot be provided at home@); In re E.C.D., No.
04-05-00391-CV, 2007 WL 516137, at *11 & n.14 (Tex. App.CSan Antonio Feb. 21, 2007, no pet.)
(holding in memorandum opinion that, under section 54.04(i), trial court was
required to make the three determinations even though jury had sentenced child
to Texas Youth Commission at disposition hearing); In re J.G., 195
S.W.3d 161, 187 & n.5 (Tex. App.CSan Antonio 2006, no pet. h.)
(holding that, even though jury sentenced juvenile to determinate sentence in
Texas Youth Commission, only trial court could make the three determinations
required to be in the disposition order under section 54.04(i)); In re A.W.,
147 S.W.3d 632, 636 & n.1 (Tex. App.CSan Antonio 2004, no pet.) (same); In
re W.D.A., 835 S.W.2d 227, 230 (Tex. App.CWaco 1992, no writ) (reversing and
remanding for a new jury trial for juvenile=s disposition hearing and stating
that, if jury found juvenile should be placed on probation outside the home or
committed to the Texas Youth Commission, then the trial court would have to
include the three mandatory determinations listed in section 54.04(i) in its
disposition order); In re T.T.H., 779 S.W.3d 954, 959B60 (Tex. App.CAustin 1989, no writ) (holding that
trial court reversibly erred by not including all three section 54.04(i)
determinations in its disposition order in case in which jury sentenced
juvenile to determinate sentence at Texas Youth Commission at disposition
hearing); see also Robert O. Dawson, Texas
Juvenile Law 179 (stating that Ain a determinate sentence case in
which the juvenile has elected jury disposition . . . the jury is not permitted
to make any of the related findings required by Section 54.04(i) . . . the
court must make the findings required by 54.04(i) [sic] to authorize placement
outside the home or commitment to the [Texas Youth Commission]@).








Therefore, the trial court correctly
submitted to the jury the question required by section 54.04(c) for all dispositions
and the question required by section 54.04(c) for probation outside the home. 
The trial court also properly allowed the jury to determine the disposition
based on section 54.04(d).  After the jury found that T.A.W. was in need of
rehabilitation or the protection of the public or the child requires that
disposition be made, and after it sentenced him to a determinate sentence of
fourteen years, the trial court appropriately made the determinations required
by section 54.04(i) and listed these determinations in its disposition order.  See
In re J.P., 136 S.W.3d at 630B31; In re E.C.D., 2007 WL
516137, at *11 & n.14; In re J.G., 195 S.W.3d at 187 & n.5; In
re A.W., 147 S.W.3d at 636 & n.1; In re W.D.A., 835 S.W.2d at
230; In re T.T.H., 779 S.W.3d at 959B60.               In his second
issue, T.A.W. incorrectly asserts that, under section 54.04(i), the juvenile
court could not sign a disposition order committing him to the Texas Youth Commission
unless the jury found that the quality of care and level of support and
supervision that T.A.W. needs to meet the conditions of probation cannot be
provided in his home.  The Texas Legislature imposed no such requirement under
section 54.04(i).  Therefore, this court correctly overrules T.A.W.=s second issue.  However, in
overruling this issue, the court incorrectly indicates that the trial court=s finding under section 54.04(i)(1)(C)
of the Texas Family Code bears only on the decision between probation inside
the home and probation outside the home.  See In re J.P., 136 S.W.3d at
630B31; In re E.C.D., 2007 WL
516137, at *11 & n.14; In re J.G., 195 S.W.3d at 187 & n.5; In
re A.W., 147 S.W.3d at 636 & n.1; In re W.D.A., 835 S.W.2d at
230; In re T.T.H., 779 S.W.3d at 959B60.  For this reason, I do not join
the court=s analysis of T.A.W.=s second issue, but I respectfully concur in the court=s judgment.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment
rendered and Substitute Majority Opinion and Concurring Opinion Filed August 9,
2007.

Panel
consists of Justices Anderson, Edelman, and Frost.  (Edelman, J., majority)









[1]           In an opinion from the appeal of a juvenile
court proceeding, the child is identified by his initials rather than by name. Tex. Fam. Code Ann. ' 56.01(j) (Vernon 2002).





[2]           This court correctly analyzes and overrules
T.A.W.=s first issue.





[3]           All references in this opinion are to the
Texas Family Code unless otherwise stated.