

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-323-CV**

IN THE MATTER OF D.J.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After a bench trial, the trial court adjudicated Appellant D.J. delinquent for committing misdemeanor assault–bodily injury and placed him on six months' probation. In two issues, D.J. contends that the State's failure to prove that the offense occurred on the date alleged in the petition requires a reversal and acquittal and that the date on the original judgment voids the jurisdiction of the trial court to adjudicate him. Because (1) D.J. waived any complaints about the trial court's jurisdiction based on his age, (2) he did not

---

[1] *See* TEX. R. APP. P. 47.4.

raise the statute of limitations as a defense, and (3) the trial court has now entered a nunc pro tunc judgment of delinquency, we affirm the trial court's nunc pro tunc judgment of delinquency.

In its first amended petition, filed in July 2007, the State alleged that

> on or about the 25th day of April 2007, in the County of Tarrant and State of Texas, [D.J.] did then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, cause bodily injury to [the complainant] by striking him with his hands and fist.

The State also alleged that D.J. was eleven years old at the time of filing and that his date of birth was November 7, 1995.

At trial in August 2007, the trial judge stated to D.J. in open court after the announcements of ready,

> Now, according to the pleadings, you're charged with engaging in delinquent conduct — it looks like a robbery charge — where it's alleged that on or about . . . the 25th day of April of this year, in Tarrant County, Texas, that while in the course of committing theft of property and with the intent to either obtain or maintain control of the property, that caused bodily injury to [the complainant] by striking him with your hands or fists.

After this statement but before testimony began, the State and D.J. stipulated that his date of birth was November 7, 1995 and that he was eleven years old at trial. While attorneys for both sides referenced April 25, neither attorney expressly voiced "2007" in questioning the witnesses, and none of the

2

witnesses expressly testified that the offense occurred in April 2007.

In the original judgment of delinquency, the trial court found that D.J. had the same date of birth (November 7, 1995) as that alleged and stipulated to and that he was ten years of age or older and under seventeen years of age but also found that the date of the offense was April 25, 2004. In the nunc pro tunc judgment of delinquency, the trial court changed the date of the offense to April 25, 2007.

In his first issue, D.J. contends that the State's failure to prove that the offense occurred on the date alleged, April 25, 2007, requires a reversal and acquittal. To the extent that D.J. is complaining that the State did not prove that the offense occurred when he was at least ten years old, an objection to the trial court's jurisdiction based on the child's age must be raised at trial or else is waived.[2] D.J. did not object to the missing proof about the date of the offense at trial. He has therefore presented nothing for our review.

To the extent that D.J. is complaining that the State failed to prove an element of the offense by failing to prove the date of occurrence, it has long

---

[2] TEX. FAM. CODE ANN. § 51.042 (Vernon 2002); *In re S.C.*, 229 S.W.3d 837, 840 (Tex. App.—Texarkana 2007, pet. denied); *In re T.A.W.*, 234 S.W.3d 704, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *In re E.D.C.*, 88 S.W.3d 789, 793 (Tex. App.—El Paso 2002, no pet.).

been the law that time is not generally a material element of an offense.[3]  The State does not have to allege a specific date in the indictment.[4]  When an indictment alleges that some relevant event transpired "on or about" a certain date, the defendant is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations for the charged offense.[5]  D.J. did not raise a limitations defense or otherwise place the timing of the offense at issue below.  Consequently, we overrule D.J.'s first issue.

In his second issue, D.J. contends that the date on the judgment voids the trial court's jurisdiction to adjudicate him.  The trial court corrected the error in the original judgment by issuing the April 2008 nunc pro tunc judgment of delinquency.  For this reason and those discussed above, we also overrule D.J.'s second issue.

Having overruled both of D.J.'s issues, we affirm the trial court's nunc pro tunc judgment of delinquency.

PER CURIAM

PANEL F:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

---

[3] *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998).

[4] *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997).

[5] *Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).

4

DELIVERED:  June 5, 2008