526 S.W.2d 646 (1975)
In the Matter of J. T.
No. 6457.
Court of Civil Appeals, of Texas, El Paso.
July 23, 1975.
*647 Ater & Hirsch, H. Thomas Hirsch, Odessa, for appellant.
Walter M. Holcombe, County Atty., Pecos, for appellee.

OPINION
OSBORN, Justice.
This is a juvenile delinquency case. The jury found the Appellant engaged in delinquent conduct as charged in receiving and concealing stolen property and in committing malicious mischief, but found in Appellant's favor on the charges of aggravated assault and possession of marijuana. The Court committed Appellant to the care, custody and control of the Texas Youth Council. We reverse and remand.
The Appellant presents twelve points of error. The State has made no reply. Point of Error Number Seven contends that the trial Court erred in not granting a motion for instructed verdict because the State failed to prove the age of the child. The order of commitment recites that the trial "court also finds that said child at the time of this hearing was 17 years of age, * *." The first paragraph of the motion for instructed verdict states:
"1. The State has wholly failed to prove that the minor child is in fact a minor child, under the age of 17 years, as susceptible to the jurisdiction of this Court. Let me get my notes here ... the Respondent would respectfully allege that the age is jurisdictional in the instant cause and without proof of age, the said Court has no jurisdiction over the minor child, if in fact, he is a minor child, and if, in fact, he was a minor child at the time the alleged offenses were committed."
The Texas Family Code provides in Section 51.02 that a "child" means a person who is:
"(A) ten years of age or older and under 17 years of age; or
"(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age."
This provision of the Code defines a jurisdictional prerequisite for juvenile court proceedings. 5 Tex.Tech.L.Rev. 513 (1974).
The language of the Court in Miguel v. State, 500 S.W.2d 680 (Tex.Civ.App. Beaumont 1973, no writ), is determinative of the issue before this Court. In that case, the Court said:
"The State's petition contained the necessary jurisdictional allegations; but, the juvenile court being one of limited jurisdiction, the allegation as to the age of the accused must be proved upon the hearing in order to show jurisdiction in the court. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1089 (1926); Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 638 (1928). Being an inferior court, as distinguished from a court of general jurisdiction, there are no presumptions as to the proper exercise of jurisdiction. Geffert v. Yorktown Independent *648 School Dist., 290 S.W. 1083, 1085 (Tex.Com.App.1927).
"* * *
"Thus, in order for the juvenile court to have jurisdiction of our appellant, it was incumbent upon the State to allege and prove that appellant was within the age limits of its statutory jurisdiction. Such proof is wholly lacking in our record."
There being no evidence to support the trial Court's finding, the Appellant's seventh point of error is sustained, and the judgment of the trial Court is reversed and the cause remanded to the Trial Court.