**In the Matter of E.D.C., A Juvenile.**

No. 08–01–00508–CV.

Court of Appeals of Texas, El Paso.

Oct. 3, 2002.

M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.

Jose R. Rodriguez, County Attorney, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from an Order of Adjudication which found appellant E.D.C. ("E.C.") had engaged in delinquent conduct. We affirm.

### Summary of the Evidence

On the evening of August 7, 2001, E.C. attempted to cross into the United States at the Paso Del Norte Bridge between Juarez, Mexico and El Paso, Texas driving a Honda CRX. While waiting to enter the United States, E.C. was stopped by U.S. Customs Service officials ("Customs") on pre-primary patrol. Pre-primary roving occurs before persons entering into the United States reach primary inspection booths.

The CRX is commonly used to smuggle contraband, including drugs, into this country. E.C.'s CRX was extremely clean both inside and out—a characteristic common to vehicles used for smuggling contraband. Her car also had temporary Kansas license plates that appeared to be counterfeits. The appearance of the CRX thus raised Customs officers suspicions concerning the vehicle.

Although E.C. answered questions put to her by Customs, she appeared extremely nervous. She stated she owned the vehicle. Customs did a cursory visual inspection of the car and discovered that two storage compartments which should have been in the vehicle were missing. E.C. was asked to step out of the car and the keys to the vehicle were taken by Customs.

Customs' inspection of the car revealed a large sealed false compartment. Suspecting contraband was contained within the compartment, Customs followed their safety routine, handcuffed E.C., and took her to a holding facility. Customs' inspection of the CRX at secondary revealed twenty-four bundles of marijuana that weighed 34.5 pounds. E.C. was ultimately turned over to the El Paso County Sheriff's Department who processed her at a juvenile probation detention facility in El Paso.

E.C. was charged with intentionally and knowingly possessing a usable amount of marijuana in the amount of fifty pounds or less but more than five pounds. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4) (Vernon Supp.2002). A Petition Based on Delinquent Conduct was filed by the State in August 2001 alleging that E.C. "[A]t the time of the conduct alleged ... [was] a female ten years of age or older and under 17 years of age, to wit: 15 years of

age...." No answer to the State's Petition Based on Delinquent Conduct was filed on her behalf.

With the advice of counsel, E.C. requested trial by a jury which began on November 5, 2001. The case was heard in the 327th Judicial District Court in El Paso County, Texas by a Juvenile Court Referee and a jury. Although E.C.'s parents were served in their home state of Colorado with summons and notice of the trial, both refused to appear. At trial, the State attempted to introduce evidence of E.C.'s age from several sources, but E.C.'s objections to that evidence were sustained by the trial court. The jury found that E.C. had engaged in delinquent conduct as charged by the State. This appeal timely ensued.

## Discussion

■ In a single point of error, E.C. contends her adjudication as a delinquent must be reversed and her case remanded for a new trial because the State failed to prove she was a juvenile within the age limit of the court's statutory grant of authority. For those reasons discussed below, we affirm the order of adjudication of the trial court.

The Texas Family Code defines a child as "a person who is: ten years of age or older and under 17 years of age...." TEX. FAM.CODE ANN. § 51.02(2)(A) (Vernon 2002). A juvenile court retains exclusive original jurisdiction over a person defined as a child within the meaning of the Family Code. TEX. FAM.CODE ANN. § 51.04(a) (Vernon 2002).

Prior to 1996, courts construed these provisions as jurisdictional in nature. *In re J.T.*, 526 S.W.2d 646, 647 (Tex.Civ.App.-El Paso 1975, no writ); *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1089 (1926). These same courts therefore concluded that the State was required to plead *and*

prove the juvenile's age to properly invoke the subject matter jurisdiction of the court. *Id.*

More recently however, it has been held that the juvenile court's subject matter jurisdiction is initially invoked simply by pleading the requisite "jurisdictional facts." *In re A.D.D.*, 974 S.W.2d 299, 303 (Tex.App.-San Antonio 1998, no writ). To reach this conclusion, the *A.D.D.* court interpreted section 53.04 of the Family Code only to require the State to plead, not prove, a juvenile's age in order to invoke the court's juvenile jurisdiction. *Id.*

In 1996, however, the Legislature amended the Family Code by adding section 51.042. Verbatim, this section appears as follows:

**§ 51.042. Objection to Jurisdiction Because of Age of the Child**

(a) A child who objects to the jurisdiction of the court over the child because of the age of the child must raise the objection at the adjudication hearing or discretionary transfer hearing, if any.

(b) A child who does not object as provided by Subsection (a) waives any right to object to the jurisdiction of the court because of the age of the child at a later hearing or on appeal.

TEX. FAM.CODE ANN. § 51.042 (Vernon 2002). At first blush we are confronted by the following question—does the "jurisdiction" to which the statute refers mean the trial court's *in personam* or subject matter jurisdiction?

■ We begin this discussion cognizant of the well-established rule of statutory construction that, where two or more separate statutory provisions pertain to the same subject, appellate courts should construe those provisions to harmonize with the entire statutory scheme. *Lenhard v. Butler*, 745 S.W.2d 101, 105 (Tex.

App.-Fort Worth 1988, writ denied). The purpose of this rule is to ensure that statutory provisions are "in pari materia," that is, that the full intent of the Legislature is given effect to all laws and provisions bearing upon the same subject. *Trinity Universal Insurance Co. v. McLaughlin*, 373 S.W.2d 66, 69 (Tex.Civ.App.-Austin 1963, writ ref'd n.r.e.); *Texas & N.O.R. Co. v. W.A. Kelso Building Material Co.*, 250 S.W.2d 426, 430 (Tex.Civ.App.-Galveston 1952, writ ref'd n.r.e.).

We therefore construe section 51.042 as a provision controlling the *in personam* jurisdiction of the juvenile court for the following reasons. First, although *in personam* jurisdiction can be waived, subject matter jurisdiction cannot be waived under any circumstances. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex.2000) (subject matter jurisdiction can never be waived). Section 51.042, however, explicitly provides for a jurisdictional waiver. The only way to harmonize section 51.042 with these black letter jurisdictional concepts is thus to conclude that it contemplates *in personam* jurisdiction.

Second, other portions of the Family Code reinforce our conclusion. Section 53.04 provides that if no answer to the petition for an adjudication is made by the juvenile, a general denial of the conduct will be assumed. TEX. FAM.CODE ANN. § 53.04(e) (Vernon 2002). Under normal circumstances, a challenge to the trial court's *in personam* jurisdiction must be made by filing a special appearance *before* an answer is filed. TEX.R. CIV. P. 120a; 121. Stated another way, the filing of a general denial automatically waives all challenges to the court's *in personam* jurisdiction.

In this case, if section 51.042 were construed to apply only to subject matter jurisdiction, the unrepresented and unknowing juvenile would have permanently waived any challenge to the court's *in personam* jurisdiction simply by failing to answer. By interpreting section 51.042 as an *in personam* provision, the unrepresented juvenile's rights are protected until such time as she can appear before a trial judge who can properly admonish her and appoint counsel to make any necessary objections to the court's jurisdiction. In essence then section 51.042 acts to reserve the juvenile's right to a special appearance to challenge the trial court's assertion of personal jurisdiction over her.

As stated above, we are aware that prior precedent in this Court and others holds that the State must not only plead, but must also prove, the age of the juvenile in order to sustain an adjudication against the child. *See In re A.S.*, 875 S.W.2d 402, 403 (Tex.App.-Corpus Christi 1994, no writ) *relying on Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1089 (1926); *J.T.*, 526 S.W.2d at 647 (also relying on *Mingus*). We distinguish these cases on two grounds. First, these decisions issued prior to the enactment of section 51.042 in 1996.

Second, and perhaps more importantly, both rely on the *Mingus* case which has recently been explicitly overruled by the Texas Supreme Court. *Dubai Petroleum Co.*, 12 S.W.3d at 76. Indeed, the *Dubai* court specifically held that it overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.* The *Dubai* case also abrogated the holding of *Cunningham v. Robison*, 104 Tex. 227, 136 S.W. 441 (1911) which the San Antonio court relied upon in *A.D.D.* to find that age was an issue of subject matter jurisdiction in a juvenile case. *See A.D.D.*, 974 S.W.2d at 303.

One rationale for the *Dubai* court's decision to overrule *Mingus* was its concern

that the characterization of statutory requirements for the maintenance of suit as subject matter jurisdictional issues destroys the finality of judgments because a judgment can "never be considered final if the court lacked subject-matter jurisdiction." *Dubai Petroleum Co.*, 12 S.W.3d at 76. The *Dubai* court also noted that this result runs counter to the "modern direction of policy [which] is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Id.*

This case implicates the same concerns expressed by the *Dubai* court. As previously discussed, section 51.042 can only be interpreted as a provision concerning *in personam*, not subject matter, jurisdiction because subject matter jurisdiction can never be waived. *Dubai Petroleum Co.*, 12 S.W.3d at 76. To interpret it otherwise would leave juvenile adjudications unnecessarily vulnerable to attack for no particular reason or statutorily mandated jurisdictional requirement. We also find a significant parallel between the statute at issue in *Dubai*, and sections 51.04 and 53.04 which the parties to this appeal and the *A.D.D.*, *J.T.*, and *A.S.* courts rely on to support the contention that proof of age implicates the subject matter jurisdiction of the juvenile court.

In *Dubai*, the Supreme Court construed section 71.031(a)(4) of the Civil Practice and Remedies Code. The provision extends the jurisdiction of Texas courts over wrongful death and personal injury cases to include a "citizen of a foreign country [whose] country has equal treaty rights with the United States on behalf of its citizens." TEX. CIV. PRAC. & REM.CODE ANN. § 71.031(a)(4) (Vernon Supp.2002). Stated another way, section 71.031, like section 53.04 of the Family Code, ostensibly creates special jurisdiction for a court of otherwise general jurisdiction. *Dubai Petro-*

*leum Co.*, 12 S.W.3d at 75–76; *J.T.*, 526 S.W.2d at 647 (juvenile courts are courts of limited jurisdiction).

However, the *Dubai* court specifically refused to adopt the general versus specialized subject matter jurisdiction dichotomy. *Dubai Petroleum Co.*, 12 S.W.3d at 76. Instead it found that "[t]he trial court in this case had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because the plaintiffs satisfied all the grounds listed in [the statute]." *Id.* We find the same analysis applies here because sections 51.042 and 53.04 of the Family Code rest within the constitutional jurisdiction of the trial court.

Finally, we observe that the express purpose of section 51.042 is to ensure that the juvenile is of an age that falls within the ambit of the statutory jurisdiction of the juvenile courts. The only time that an objection to the trial court's jurisdiction can therefore be made concerning the child's age is when the juvenile is less than ten or more than seventeen years of age. TEX. FAM.CODE ANN. § 51.02(2) (Vernon 2002) (defining the word "child" for the purposes of the Family Code). In this case, however, E.C. admits in her Notice of Appeal that she was within the jurisdictional age limit of the juvenile court. We therefore find that E.C. did not, and indeed never could, make a proper objection pursuant to section 51.042 because she was within the jurisdictional age limits of the court. Were we to hold otherwise, we would be condoning an attempt to manipulate the jurisdiction of the trial court for a purpose not intended by statute.

E.C.'s sole point of error is therefore overruled, and the trial court's adjudication is affirmed. Having approved the trial court's action, we decline to address the State's cross-point concerning the trial

court's refusal to admit other evidence of E.C.'s age.

## Conclusion

The trial court's judgment is affirmed.