# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00703-CV

**In the Matter of A. M.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-18,351, HONORABLE ALLISON BENESCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant A. M. appeals the juvenile court's decision altering his disposition from community supervision to an indeterminate commitment to Texas Youth Commission (TYC) after his eighteenth birthday. Appellant argues in his first point of error that the juvenile court violated his right to due process of law under the United States Constitution and due course of law under the Texas Constitution. Appellant's second point of error asserts that the court lacked jurisdiction after his eighteenth birthday passed. We will affirm.

A party waives error unless it is preserved for appeal by objection in the trial court. Tex. R. App. P. 33.1. A due process complaint relating to a juvenile court's revocation of community supervision is not preserved for appeal unless an objection or motion stating the specific grounds for the preferred ruling is timely presented to the juvenile court. *In re J.L.D.*, 74 S.W.3d. 166, 168-69 (Tex. App.—Texarkana 2002, no pet.); *see also Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. 1982) (op. on second reh'g) (failure to make due process objection waives error

in probation revocation). The record shows that appellant did not make any due process or due course of law objections in the juvenile court. This issue has been waived and cannot be raised for the first time on appeal.

Appellant's second point of error challenges the juvenile court's jurisdiction without specifying whether the challenge addresses subject matter or *in personam* jurisdiction. A juvenile court must possess both subject matter jurisdiction over a case and personal jurisdiction over a party to issue a binding judgment. *In re A.D.D.*, 974 S.W.2d 299, 303 (Tex. App.—San Antonio 1998, no pet.) (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)). This point of error contains more than one contention in a single point of error and is therefore multifarious; a multifarious point normally does not present error. *Euziere v. State*, 648 S.W.2d 700, 703 (Tex. Crim. App. 1983). The argument in appellant's brief centers around the trial court's failure to enter a finding that the prosecuting attorney diligently attempted to complete the proceeding before A. M.'s eighteenth birthday as required by the family code, section 51.042, which governs whether a juvenile court may retain jurisdiction over a person without regard to that person's age. *See* Tex. Fam. Code Ann. § 51.042 (West 2002). Section 51.042 addresses the court's *in personam* jurisdiction, not its subject matter jurisdiction. *In re E.D.C.*, 88 S.W.3d 789, 792 (Tex. App.—El Paso 2002, no pet.). Therefore, appellant's argument appears to address only the *in personam* jurisdiction of the juvenile court. In the interest of justice, however, we respond to both of appellant's possible contentions. *See Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990).

A juvenile court's subject matter jurisdiction may be invoked by the State's pleading the requisite jurisdictional facts, including the juvenile's age. *See* Tex. Fam. Code Ann. § 53.04

2

(West 2002) (listing required jurisdictional facts); *A.D.D.*, 974 S.W.2d at 303 (noting that section 53.04 requires that State plead juvenile's age); *E.D.C.*, 88 S.W.3d at 791 (subject matter jurisdiction invoked by pleading but not proving requisite jurisdictional facts). The record shows that here the State pleaded A. M..'s age in its motion to modify disposition and that A. M. was under the age of eighteen and qualified as a "child" at the time the proceedings began.[1] The pleadings established the juvenile court's subject matter jurisdiction.

The juvenile court had *in personam* jurisdiction over A. M. despite the fact that the motion to modify was not fully disposed of before A. M. passed his eighteenth birthday. A juvenile court retains jurisdiction over a person without regard to age if the motion to modify was filed while the respondent was under the age of eighteen, the proceeding is not complete before the respondent's eighteenth birthday, and the court enters a finding that the prosecuting attorney diligently attempted to complete the proceeding before the respondent's eighteenth birthday. Tex. Fam. Code Ann. § 51.0412 (West 2002). Appellant now argues that the court did not have jurisdiction over him because it did not make the required finding. The record shows that appellant did not raise this issue in the juvenile court. A respondent who does not object to the juvenile court's jurisdiction over the respondent because of his age waives any right to make that argument on appeal. *Id.* § 51.042. We overrule appellant's second point of error.

---

[1] The family code defines "child" as a person who is ten years of age or older and under seventeen years of age; or seventeen years of age or older and under eighteen years of age and is alleged to have engaged in the violation before becoming seventeen years of age. Tex. Fam. Code Ann. § 51.02 (2) (West Supp. 2004).

**CONCLUSION**

We overrule both of appellant's issues and affirm the judgment of the juvenile court.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   December 2, 2004